**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 23-bk-52859 |
| | ) |
| S&G HOSPITALITY, INC., *et al.*, | ) Chapter 11 |
| | ) |
| | ) Judge Mina Nami Khorrami |
| Debtors. | ) |
| | ) (Jointly administered) |

**RSS COMM2015-PC1 – OH BH, LLC'S MOTION TO DISMISS THIS CHAPTER 11 CASE, OR ALTERNATIVELY, TO CONVERT THIS CASE TO CHAPTER 7**

Now comes RSS COMM2015-PC1 – OH BL, LLC ("**Lender**"), by and through its undersigned counsel and as a creditor and party-in-interest in this case, hereby files its *Motion to Dismiss this Chapter 11 Case, or Alternatively, to Convert this Case to Chapter 7* (the "**Motion**") respectfully seeking the dismissal or conversion of the case of Debtors Buckeye Lodging LLC, Lancaster Hospitality LLC, and Sunburst Hotels LLC (collectively, "**Debtors**") pursuant to Section 1112(b) of Title 11 of the United States Code (the "**Bankruptcy Code**"). This Motion is supported by the accompanying Memorandum in Support.

Respectfully submitted,

/s/ Tami Hart Kirby
Tami Hart Kirby, Esq. (#0078473)
Walter Reynolds, Esq. (#0022991)
Porter Wright Morris & Arthur LLP
One South Main Street, Suite 1600
Dayton, OH  45402-2028
Telephone:  (937) 449-6721
Facsimile:  (937) 449-6820
E-mail: tkirby@porterwright.com
E-mail: wreynolds@porterwright.com

*Attorneys for Creditor RSS COMM2015-PC1 – OH BL, LLC*

**MEMORANDUM IN SUPPORT**

I. **INTRODUCTION**.

1. Plaintiff RSS COMM2015-PC1 – OH BL, LLC ("**Lender**"), by and through its legal counsel, and pursuant to 11 U.S.C. § 1112(b) hereby moves this Court to dismiss this Chapter 11 case, or in the alternative, to convert this case to Chapter 7 (the "**Motion**"). In support of this Motion, Lender states as follows:

II. **JURISDICTION AND VENUE**.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Debtors Buckeye Lodging LLC, Lancaster Hospitality LLC, and Sunburst Hotels LLC (collectively, "**Debtors**" or singularly, "**Debtor**"), together with S&G Hospitality, Inc., filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**") at the close of business on August 18, 2023 (collectively, the "**Petitions**") with this Court. Debtors remain debtors in possession within the meaning of the Bankruptcy Code.

III. **BACKGROUND**.

 A. **Lender's Loan**.

4. Debtors are jointly and severally obligated on a loan with Lender in the amount of $16,113,352.75 (the "**Loan**"). (Lenders' Proofs of Claims, Ex. C) Lender is the owner and holder of the mortgages, assignment of rents, and the indebtedness secured thereby, and by reason thereof hereby asserts legal title to the leases and rents for the purpose of securing the balance due on the obligation, which is a good and valid lien against the hotels that are the subject of these administratively consolidated bankruptcy proceedings (collectively, the "**Hotels**").

5.      On December 10, 2021, the Lender filed a *Complaint for Foreclosure, Breach of Guaranty, and Other Relief* in the Franklin County, Ohio Court of Common Pleas ("**State Court**"), which was captioned as *RSS COMM2015-PC1 – OH BL, LLC v. Sunburst Hotels LLC, et al.,* Case Number 21CV007694. The day before the scheduled hearing before the State Court on the Lender's Motion for the Appointment of Receiver, the Debtors filed their Petitions with this Court. Debtors have remained in bankruptcy for almost *one year*. After these bankruptcy proceedings were filed, Lender began waiting patiently for Debtors to present a proposed plan. To date, Debtors have not presented any proposed plan to Lender or this Court.

6.      Lender filed its proof of claim against Debtor Lancaster Hospitality LLC in the amount of $16,113,352.75, of which only $10,500,000.00 is secured and $5,613,352.75 is unsecured. (Lancaster Hospitality LLC, Claim No. 6.) Lender filed its proof of claim against Debtor Buckeye Lodging LLC in the amount of $16,113,352.75, of which only $5,300,000.00 is secured and Lender is unsecured by $10,813,352.75. (Buckeye Lodging LLC, Claim No. 5.) Lender filed its proof of claim against Sunburst Hotels LLC in the amount of $16,113,352.75, of which only $3,400,000.00 is secured and $12,713,352.75 is unsecured. (Sunburst Hotels LLC, Claim No. 9.)

**B.      Debtors' Operations**.

7.      Upon filing, Debtors initially projected a positive operating budget. (Doc. 28.) However, since the end of calendar year 2023 to the present, Debtors have continually presented a negative operating budget to this Court, with a projected negative net income. (Doc. Nos. 182, 250.)

8.      For the last seven months, Debtor Lancaster Hospitality LLC's monthly operating reports evidence the following:

|  | December, 2023 | January, 2024 | February, 2024 | March, 2024 | April, 2024 | May, 2024 | June, 2024 |
|---|---|---|---|---|---|---|---|
| **Monthly Receipts:** | $167,760 | $205,090 | $274,657 | $252,993 | $338,995 | $281,432 | $291,917 |
| **Monthly Disbursements:** | $255,257 | $265,211 | $260,863 | $289,118 | $231,931 | $365,324 | $293,534 |
| **Cash on Hand:** | $131,151 | $71,030 | $84,824 | $48,699 | $155,733 | $71,870 | $70,253 |
| **Profit/Loss:** | $-74,482 | $-85,767 | $-58,027 | $-45,552 | $27,234 | $-63,220 | $19,245 |
| **Total Receipts:** | $1,035,162 | $1,240,252 | $1,514,909 | $1,767,902 | $2,106,897 | $2,445,892 | $2,680,246 |
| **Total Disbursements:** | $1,158,383 | $1,423,594 | $1,684,457 | $1,973,575 | $2,205,506 | $2,570,830 | $2,864,364 |
| **Total Profit/Loss:** | $-87,428 | $-173,195 | $-231,222 | $-276,774 | $-249,540 | $-312,760 | $-293,516 |

9.   As of the end of June, 2024, the operating report of Debtor Lancaster Hospitality LLC reflects a cumulative negative loss of $293,516.00 since these bankruptcy proceedings were commenced.  (Doc. No. 264).  Additionally, Debtor Lancaster Hospitality LLC's monthly operating report reflects that while Debtor has received receipts of $2,680,246.00 since the filing of the bankruptcy proceedings, Debtor Lancaster Hospitality LLC has expended $2,864,364.00 in disbursements.  (Id.)  Thus, Debtor Lancaster Hospitality LLC has disbursed more funds than it has received during these bankruptcy proceedings.  Debtor Lancaster Hospitality LLC has borne virtually all of the administrative expenses for professionals that have been engaged by Debtors in these bankruptcy proceedings, and have remitted over $135,340.00 towards payment of professional fees.  (Id.)

10.   For the last seven months, Debtor Buckeye Lodging LLC's monthly reports evidence the following:

3

|  | December, 2023 | January, 2024 | February, 2024 | March, 2024 | April, 2024 | May, 2024 | June, 2024 |
|---|---|---|---|---|---|---|---|
| **Receipts:** | $98,670 | $98,493 | $100,806 | $125,398 | $174,810 | $190,188 | $194,381 |
| **Disbursements:** | $124,791 | $181,521 | $168,130 | $148,151 | $321,253 | $179,359 | $267,025 |
| **Cash on Hand:** | $402,767 | $319,739 | $252,415 | $229,633 | $83,220 | $94,049 | $21,406 |
| **Profit/Loss:** | $-9,419 | $-84,074 | $-5,543 | $-24,065 | $-79,417 | $12,096 | $-53,028 |
| **Total Receipts:** | $975,002 | $1,073,495 | $1,174,301 | $1,299,699 | $1,474,509 | $1,664,697 | $1,859,078 |
| **Total Disbursements:** | $632,043 | $813,564 | $981,694 | $1,129,845 | $1,451,098 | $1,653,868 | $1,897,482 |
| **Total Profit/Loss:** | $56,386 | $-140,460 | $-146,003 | $-170,068 | $-249,485 | $-237,389 | $-290,417 |

11. For Debtor Buckeye Lodging LLC, as of the end of June, 2024, the operating report reflects a cumulative net loss of $290,417.00 since the bankruptcy proceedings were filed. (Doc. No. 263). As of June 30, 2024, Buckeye Lodging LLC had a negative net worth of $585,655.00. (Id.) While Debtor Buckeye Lodging LLC has received receipts of $1,859,078.00 since the bankruptcy proceedings commenced, it has disbursed more funds than it has received. (Id.) Debtor Buckeye Lodging LLC has only paid for a small fraction of the administrative expenses incurred during these proceedings in the sum of $33,544.00. (Id.)

12. For the last seven months, Debtor Sunburst Hotels LLC's monthly reports evidence the following:

4

|  | December, 2023 | January, 2024 | February, 2024 | March, 2024 | April, 2024 | May, 2024 | June, 2024 |
|---|---|---|---|---|---|---|---|
| **Receipts:** | $84,753 | $90,536 | $94,301 | $91,829 | $113,899 | $120,938 | $116,257 |
| **Disbursements:** | $80,332 | $187,961 | $173,201 | $107,645 | $157,090 | $122,824 | $130,184 |
| **Cash on Hand:** | $267,737 | $170,312 | $91,412 | $75,595 | $32,404 | $30,518 | $16,592 |
| **Profit/Loss:** | $8,642 | $-107,115 | $-67,741 | $-11,035 | $-52,310 | $-4,452 | $-3,079 |
| **Total Receipts:** | $522,391 | $612,927 | $707,228 | $799,057 | $912,956 | $1,033,894 | $1,150,151 |
| **Total Disbursements:** | $386,395 | $574,356 | $747,557 | $855,202 | $1,012,292 | $1,135,116 | $1,265,290 |
| **Total Profit/Loss:** | $74,842 | $-181,957 | $-249,698 | $-260,733 | $-313,044 | $-317,496 | $-320,574 |

13.     For Debtor Sunburst Hotels LLC, as of the end of June, 2024, the monthly operating report reflects a cumulative net loss of $320,574.00 since the bankruptcy proceedings were commenced. (Doc. No. 265.) For Debtor Sunburst Hotels LLC, the net worth as of June 30, 2024 was negative $1,118,098.00 (Id.) While Debtor Sunburst Hotels LLC received receipts of $1,150,151.00 since the bankruptcy proceedings were commenced, it has disbursed $1,265,290.00. (Id.) Despite not paying for any of the professional fees incurred during these bankruptcy proceedings, Debtor Sunburst Hotels LLC has continued to operate at a loss.

14.     Since these bankruptcy proceedings were filed, Debtors have operated at a cumulative net loss of almost a ***million dollars*** ($904,507.00). While Debtors' business is seasonal, there has been no significant increase in business revenue during the spring and beginning summer months of 2024, which should be the busier months. Rather, Debtors have continually operated at a loss, and have not presented any proposed plan to the creditors or this Court on how they intend to reorganize and exit Chapter 11. As Debtors approach a slower business season, their net losses will only continue to increase to the detriment of Debtors' secured creditors.

5

**IV.  RELIEF REQUESTED**.

15.     Pursuant to this Motion, Lender respectfully requests that this Court enter an order dismissing this Chapter 11 case, or in the alternative, convert this case to Chapter 7, and grant such other and further relief as the Court deems just and proper.

**V.  BASIS FOR THE RELIEF REQUESTED**.

**A.  Section 1112(b) of the Bankruptcy Code**.

16.     A bankruptcy court has broad discretion under 11 U.S.C. § 1112(b) to either dismiss or convert a case from a Chapter 11 reorganization to a Chapter 7 liquidation. Dismissal or conversion is appropriate if "cause" exists, and it is in the "best interests of creditors and the estate." 11 U.S.C. § 1112(b). Section 1112(b)(1)(c) of the Bankruptcy Code provides, in pertinent part, as follows:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1)(c).

17.     It is incumbent upon a court ruling on a motion to dismiss to first determine whether "cause" exists. Section 1112(b)(4)(A) lists examples of cause to include the substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. "The court . . . has discretion in determining what additional circumstances not enumerated in section 1112(b)(4) constitute cause." 7 Collier on Bankruptcy, P 1112.01[2] (16th Ed. 2024). "The movant's burden to establish cause requires proof by a preponderance of the evidence." 7 Collier on Bankruptcy, P 1112.04[4] (16th Ed. 2024); *see also, In re Creekside Senior Apts. L.P.*, 489 B.R. 51, 60 (B.A.P. 6th Cir. 2013).

6

18. "In determining whether cause exists to dismiss a case under § 1112(b), a court must engage in a case-specific factual inquiry which focus[es] on the circumstances of each debtor." *Id.*; *see In re Exigent Landscaping, LLC,* 656 B.R. 757, 764 (Bankr. E.D. Mich. 2024).

19. "Pursuant to § 1112(b)(1), the initial burden lies with the movant to establish 'cause' for conversion. See 11 U.S.C. § 1112(b)(1)." *In re Emergystat of Sulligent, Inc.*, 2008 Bankr. LEXIS 566, *16 (Bankr. E.D. Tenn. 2008). "If the movant establishes 'cause,' then the burden shifts to the debtor or other party in interest to prove that the case falls within the § 1112(b)(2) 'unusual circumstances' exception to § 1112(b)(1)'s mandatory conversion or dismissal." *Id.*

B.  **Debtors Continue to Suffer Loss or Diminution of the Estate.**

20. The first requirement to dismiss for cause under Section 1112(b)(4)(A) includes the continuing loss to or diminution of the estate. As explained in Collier on Bankruptcy:

> In general, this standard has two basic requirements. First, it tests whether, after the commencement of the case, the debtor has suffered or continued to experience a negative cash flow, or, alternatively, declining asset values. Second, it tests whether there is any reasonable likelihood that the debtor, or some other party, will be able to stem the debtor's losses and place the debtor's business enterprise back on solid financial footing within a reasonable amount of time.

7 Collier on Bankruptcy, P 1112.04[6][a] (16th Ed. 2024); *see also In re Creekside Senior Apts*, 489 B.R. at p. 61 (B.A.P. 6th Cir. 2013) ; *In re Wahile*, 417 B.R. 8, 11 (Bankr. N.D. Ohio 2009); *see generally, In re Emergystat of Sulligent, Inc.*, 2008 Bankr. LEXIS 566, *16-25 (Bankr. E.D. Tenn. 2008).

21. To determine if there is continuing loss to or diminution of the bankruptcy estate under Section 1112(b)(4)(A), a court must look beyond financial statements and fully evaluate the condition of debtor's estate, post-petition negative cash flow and inability to satisfy current expenses. *In re Motel Props., Inc.,* 314 B.R. 889 (Bankr. S.D. Ga. 2004). However, a continual negative cash flow situation has been found to be sufficient to establish the first prong of Section

7

1112(b)(4). *Loop Corp. v. U.S. Trustee,* 379 F.3d 511 (8th Cir. 2004); *In re Forest Grove, LLC,* 448 B.R. 729 (Bankr. D.S.C. 2011) (finding that cause existed since debtor's monthly operating reports consistently showed negative cash profits, and two most recent reports showed declining amounts of cash on hand); *In re First Lewis Road Apartments, Inc.,* 11 B.R. 575, 576 (Bankr. E.D. Va. 1981).

22. Here, Debtors have been operating under the protection of the automatic stay for almost a full year, and have been relieved of the necessity of servicing a majority of their obligations. As set forth above, Debtors have been consistently maintaining a declining cash on hand since the end of calendar year 2023. The cumulative disbursements for each Debtor have exceeded the cumulative receipts, and Debtors have continually operated at a cumulative net loss. While initially presenting a positive operating budget upon filing for bankruptcy, in the last eight months, Debtors' budgets have continually projected a negative operating loss. As such, the first prong for cause under Section 1112(b)(4)(A) is satisfied.

    **C.**    **There is an Absence of a Reasonable Likelihood of Rehabilitation**.

23. Second, Debtors do not have a reasonable likelihood of rehabilitation. Rehabilitation means something different from the term reorganization. "The concept of rehabilitation necessarily hinges upon establishing a cash flow from which current obligations can be satisfied." *In re Schriock Constr.,* 167 B.R. 569, 577 (Bankr. D.N.D. 1994). This Court should determine whether a debtor is reasonably capable of performing the rehabilitation or can a detailed business plan be formulated to make the unprofitable business profitable in a reasonable amount of time. 7 Collier on Bankruptcy, *see also In re Creekside Senior Apts*, 489 B.R. 51 at p. 61 (B.A.P. 6th Cir. 2013); *In re Wahile*, 417 B.R. 8, 11 (Bankr. N.D. Ohio 2009); *In re Emergystat of Sulligent, Inc.*, 2008 Bankr. LEXIS 566, *24 (Bankr. E.D. Tenn. 2008).

24. In the almost year that these bankruptcy proceedings have been pending, we have not seen any business plan that Debtors or their principals have proposed to turn around Debtors' businesses and become profitable within a reasonable period of time. *See In re Creekside Senior Apts*., 489 B.R. at p. 61 (B.A.P. 6th Cir. 2013); *In re Wahile*, 417 B.R. 8 at p. 11 (Bankr. N.D. Ohio 2009); *In re Emergystat of Sulligent, Inc*., 2008 Bankr. LEXIS 566, *24 (Bankr. E.D. Tenn. 2008). There has been no articulated plan presented to this Court to increase income or dispose of non-profitable portions of Debtors' businesses. *Id*. In fact, no plan has been filed by Debtors, and no business plan has been presented to Lender. Rather, despite the protections of these bankruptcy proceedings, Debtors have continued to operate at an increasing negative net operating loss, dwindling the cash reserves that Debtors had upon filing for bankruptcy protection. Therefore, the second prong of 1112(b)(4)(A) has been met based on the Debtors' inability to articulate a plan to make the Debtors' business profitable and is cause for dismissal or conversion.

        **D.**        **Best Interests of the Creditors and the Estate**.

25. Upon dismissal of the bankruptcy proceedings, the Lender would pursue with its State Court action to have a receiver appointed and dispose of the Hotels to recover the amount owed to Lender. Given the number of secured creditors, the disposition of the Hotels would likely not produce any recovery. Thus, dismissal would avoid the costs of a Chapter 7 trustee and allow secured creditors to exercise state law remedies. *In re Crimson Inv. Grp., LLC,* 2018 Bankr. LEXIS 200 (Bankr. D. Or. 2018). Lender is the significant creditor of Debtors, and in each of the Debtors' bankruptcy cases less than ten proofs of claims have been filed. *Wilmington Trust, N.A. v. Pinnacle Land Grp., LLC* (*In re Pinnacle Land Grp., LLC*), 2018 Bankr. LEXIS 2764 (Bankr. W.D. Pa. 2018). Debtors' bankruptcy estate is operating at a loss and continuing to lose money each and every month to the detriment of Debtors' creditors. As Debtors continue to operate at a net loss,

the ability of Debtors to fund these bankruptcy cases and pay administrative expenses and post-petition expenses becomes an increasing concern.

## VI. CONCLUSION.

26. For the foregoing reasons, Lender respectfully requests entry of an order granting its Motion to Dismiss, or Alternatively, Motion to Convert the Case to Chapter 7, and granting such other relief as the Court deems just and proper.

          Respectfully submitted,

          /s/ Tami Hart Kirby
          Tami Hart Kirby, Esq. (#0078473)
          Walter Reynolds, Esq. (#0022991)
          Porter Wright Morris & Arthur LLP
          One South Main Street, Suite 1600
          Dayton, OH 45402-2028
          Telephone: (937) 449-6721
          Facsimile: (937) 449-6820
          E-mail: tkirby@porterwright.com
          E-mail: wreynolds@porterwright.com

          *Attorneys for Creditor RSS COMM2015-PC1 – OH BL, LLC*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing was filed electronically on this 24th day of July, 2024, which will be served on the following ECF participants, electronically through the Court's ECF system at the email address registered with the Court:

David Alan Beck, Esq.
Carpenter Lipps & Leland LLP
280 North High Street
Columbus, Ohio 43215
*Attorneys for Debtors*

Pamela Arndt, Esq.
U.S. Department of Justice, U.S. Trustee Program
170 North High Street, Suite 200
Columbus, Ohio 43215
*Attorneys for the U.S. Trustee*

Assistant U.S. Trustee (Col)
Office of the US Trustee
170 North High Street, Suite 200
Columbus, Ohio 43215
*U.S. Trustee*

Caitlin Conklin, Esq.
Daniel M. Eliades, Esq.
David S. Catuogno, Esq.
K&L Gates LLP
One Newark Center, 10th Floor
Newark, NJ 07102
*Attorneys for Hampton Inns Franchise LLC*

Noah M. Schottenstein
DLA Piper LLP US
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201-4629
*Attorneys for Itria Ventures LLC*

Paul Schumacher
Dickie McCamey & Chilcote, P.C.
600 Superior Avenue East, Suite 2330
Cleveland, Ohio 44114-2614
*Attorneys for Ohio Power Company dba American Electric Power*

C. Kevin Kobbe
DLA Piper LLP (US)
Harbor East
650 S. Exeter Street, Suite 1100
Baltimore, Maryland 21202-4576

and on the following by ordinary U.S. Mail addressed to:

S&G Hospitality, Inc.
Attn: Abhijit Vasani
P.O. Box 773
New Albany, Ohio 43054

                                                */s/* Tami Hart Kirby
                                                *Attorneys for Creditor RSS COMM2015-PC1 – OH BL, LLC*

## NOTICE OF FILING OF
## RSS COMM2015-PC1 – OH BL, LLC'S MOTION
## TO DISMISS THIS CHAPTER 11 CASE,
## OR ALTERNATIVELY, TO CONVERT THIS CASE TO CHAPTER 7

RSS COMM2015-PC1 – OH BL, LLC, a creditor in this case, has filed papers with the Court to dismiss this Chapter 11 case, or alternatively, to convert this case to Chapter 7.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one**.

If you do not want the Court to grant the relief sought in the Motion, then on or before twenty-one (21) days from the date listed on the following Certificate of Service, you or your attorney must file with the Court a written response explaining your position by mailing your response by ordinary U.S. Mail to U.S. Bankruptcy Court for the Southern District of Ohio, 170 N. High Street, Columbus, Ohio 43215, OR your attorney must file a response using the Court's ECF System.

The Court must receive your response on or before the above date.

You must also send a response either by 1) the Court's ECF System; or by 2) ordinary U.S. Mail to Tami Hart Kirby, Esq., Porter Wright Morris & Arthur LLP, One S. Main Street, Suite 1600, Dayton, Ohio 45402.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief without further hearing or notice.

24370248